UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>PEDRO OMAR GUTIERREZ,<br><br>             Defendant. | 1:05-cr-00305-OWW<br><br>ORDER REGARDING DEFENDANTS MOTION UNDER 28 U.S.C. § 2255 |

On January 5, 2006, Pedro Omar Gutierrez ("Defendant") pled guilty to distribution of methamphetamine and possession of methamphetamine with intent to distribute. (Doc. 17). Judgment against Defendant was entered on June 27, 2006. (Doc. 19). On March 9, 2011, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 20). Defendant contends that his counsel provided constitutionally inadequate representation in violation of his Sixth Amendment rights.

Petitioner's Section 2255 motion is untimely. Motions pursuant to Section 2255 are subject to a one-year limitation period, which begins to run from the latest of:

>     (1) the date on which the judgment of conviction became final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

1

>     the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>     Here, the one year limitation period commenced on November 30, 2006.

28 U.S.C. § 2255. In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

>     Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time . . . We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id*. at 1288-1289.

    Defendant makes no showing that he is entitled to equitable tolling of the one-year limitation period, and nothing in Defendant's motion suggests any basis for tolling. As Defendant's motion was filed more than four years after his conviction became final, it is DISMISSED as time-barred.

### **ORDER**

    For the reasons stated, IT IS HEREBY ORDERED THAT:

    1) Defendant's motion to vacate, set aside or correct sentence

```
1    pursuant to 28 U.S.C. § 2255 is DISMISSED as time-barred;
2    2) The Clerk of Court is DIRECTED to enter judgment for the
3    United States in civil case number 1:11-cv-00410.
```

IT IS SO ORDERED.

**Dated:   March 14, 2011**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE